IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Richard Boggs, | ) | C/A No.: 3:16-2865-MGL-SVH |
| | ) | |
|      Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| United States; Department of Treasury; | ) | REPORT AND RECOMMENDATION |
| I.R.S. Comm'r. John Koskinen; and | ) | |
| Internal Revenue Service, | ) | |
| | ) | |
|      Defendants. | ) | |
| | ) | |

  Richard Boggs ("Plaintiff"), proceeding pro se, filed this action against the United States, Department of the Treasury, I.R.S. Commissioner John Koskinen, and the Internal Revenue Service (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), this matter has been referred to the undersigned for all pretrial proceedings.[1] For the reasons that follow, the undersigned

---

[1] Pursuant to Local Civ. Rule 73.02(c)(1)(g) (D.S.C.), "[a]ll related cases involving the same parties shall be assigned to the same magistrate judge." As discussed, *infra*, Plaintiff previously filed an action that was assigned to the undersigned Magistrate Judge and to the Honorable Mary G. Lewis, United States District Judge. Therefore, the Clerk's Office assigned this subsequent case to the same District and Magistrate Judges. The court notes that on September 1, 2016, Plaintiff filed an "Affidavit of Prejudice," alleging that the undersigned and Judge Lewis are biased against him based on the unfavorable rulings he received in his prior case. [ECF No. 7]. The United States Supreme Court has made clear that to warrant disqualification, "[t]he alleged bias or prejudice . . . must stem from an extrajudicial source . . . other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). In applying the extrajudicial-source doctrine, the Supreme Court has held that:

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the

recommends that the district judge dismiss this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff filed this complaint "seeking specific relief in the form of review of agency action done in defiance of law, in excess of statutory scope of authority, and in violation of the United States Constitution." [ECF No. 1 at 1]. Plaintiff alleges he "received demands for signed Form(s) 1040, but access to compliance information and instruction relative to governing statutes is barred by the Defendants as a matter of standard operating procedure." *Id.* at 2. Plaintiff claims he must either pay sums not owed or "suffer a permanent and dysfunctional association with the Internal Revenue Service and the proclivities for which it is infamous." *Id.* Plaintiff argues "[t]he United States' refusal to provide an explanation or interpretation of the law governing the taxation of compensation for services violates rights to due process and against forced association." *Id.* at 8. Plaintiff also claims the United States' enforcement of 26 U.S.C. chapters 1, 2, 21, and 23, and 26 U.S.C. §§ 6012 and 6651, violates his right to privacy and due process and his right to be free from unreasonable seizure and forced association. *Id.* at 11, 13. Plaintiff argues the enforcement of these

---

    degree of favoritism or antagonism required . . . when no extrajudicial source is involved.

*Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). The extrajudicial-source doctrine applies under both 28 U.S.C. § 455 and 28 U.S.C. § 144. *Grinnell*, 384 U.S. at 582–83; *Liteky*, 510 U.S. at 550, 554. Because Plaintiff's allegations against the undersigned and Judge Lewis do not stem from an extrajudicial source, the undersigned finds that Plaintiff has not shown any prejudice towards him deriving from an extrajudicial source. For the Clerk's Office to assign Plaintiff's case to other judges based solely on his request that he would prefer that other judges handle his case would facilitate judge-shopping, which is strictly forbidden.

2

provisions, as it relates to persons who sell their personal services for compensation, "derives sums from the Plaintiffs they do not owe under the law." *Id.* Plaintiff seeks injunctive relief and requests, in part, that the court: (a) order defendants to disclose the proper interpretations of the challenged provisions, (b) to rule the United States' refusal to disclose the proper interpretation of the challenged provisions is unlawful and violative, (d) to declare as unlawful and violative the United States "involvement with and intrusion into Plaintiffs' contracts for the sale of their personal services, and the taking accomplished through such unlawful involvement and intrusion," and (e) to rule the United States' demands for tax returns, and its imposition of "additions to the tax" for failure to fully file tax returns, are unlawful and violative actions. *Id.* at 10–13.

II. Discussion

    A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint. Even though Plaintiff paid the filing fee in this action, the court possesses the inherent authority to ensure that Plaintiff has standing, federal jurisdiction exists, and the case is not frivolous.[2] *See Ross v. Baron,* 493 F. App'x 405, 406–407 (4th Cir. 2012); *see also Mallard v. United States Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

---

[2] Plaintiff is not proceeding in forma pauperis. Therefore, 28 U.S.C. § 1915(e)(2), which allows sua sponte dismissal of complaints that fail to state a claim, is inapplicable.

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

Plaintiff filed a complaint against Defendants in April 2016, alleging virtually identical facts and causes of action, that the court summarily dismissed without prejudice on May 18, 2016. *See Boggs v. United States*, C/A No. 3:16-1178-MGL (D.S.C. May 19, 2016).[3] As in his previous case, Plaintiff seeks to restrain Defendants' ability to asses and collect taxes.[4] The Anti-Injunction Act, 26 U.S.C. § 7421(a), however, bars this relief.

The Anti-Injunction Act provides that unless certain statutory exceptions are

---

[3] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the most frequent use of judicial notice is in noticing the content of court records); *Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949).

[4] Although Plaintiff argues he is not requesting a restraint on the assessment and collection of taxes [ECF No. 1 at 1], the undersigned finds the relief requested would affect Defendants' ability to assess and collect taxes.

4

applicable, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person[.]" The Supreme Court has indicated that the purpose of the Anti-Injunction Act is "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, 'and to require that the legal right to the disputed sums be determined in suit for a refund.'" *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974); Although there are limited statutory exceptions to the Anti-Injunction Act, Plaintiff has not alleged any facts to show that any of the statutorily-created exceptions apply.

There are also limited judicial exceptions to the Anti-Injunction Act. *See Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). To establish a claim for injunctive relief under the holding in *Enochs*, the taxpayer must show: (1) under the most liberal view of the applicable laws and facts, it is clear that the government cannot prevail on the merits; and (2) absent an injunction, irreparable injuries will occur for which there is no adequate remedy at law. 370 U.S. at 6–7. Unless both of these prerequisites are met, "a suit for preventive injunctive relief must be dismissed." *United States v. American Friends Serv. Comm.*, 419 U.S. 7, 10 (1974).

Plaintiff has not alleged any facts to show that he can meet either of the *Enochs* prerequisites. First, Plaintiff has failed to demonstrate that the government cannot prevail on the merits. As to the second *Enochs* factor, Plaintiff has adequate remedies at law. The right of a taxpayer to petition the Tax Court and his right, in the alternative, to sue for a refund in a federal district court are adequate remedies at law. *See, e.g., Bob Jones Univ.*, 416 U.S. at 746; *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 314 (9th Cir. 1982) (citing *Bailey v. George*,

5

259 U.S. 16 (1922)) ("Since the Supreme Court decision in [*Bailey*], it has been established that payment of the tax followed by a suit for refund constitutes an adequate remedy at law."); *Hobson v. Fischbeck*, 758 F.2d 579, 581 (11th Cir. 1985) (holding injunctive relief to be improper when plaintiff "could pay the disputed tax and then sue for a refund"). Because Plaintiff has not alleged any facts to show that any of the statutory or judicially-created exceptions to the Anti-Injunction Act are applicable, the undersigned recommends this action be dismissed.

III.     Conclusion

For the foregoing reasons, the undersigned recommends that the court dismiss this complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

September 1, 2016                                  Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).